1   Michael H. Steinberg (CSB No. 134179)
    steinbergm@sullcrom.com
2   SULLIVAN & CROMWELL LLP
    1888 Century Park East, Suite 2100
3   Los Angeles, CA 90067
    Telephone:   (310) 712-6600
4   Facsimile:   (310) 407-2674

5   Brendan P. Cullen (CSB No. 194057)
    cullenb@sullcrom.com
6   Shawn Joe Lichaa (CSB No. 250902)
    lichaas@sullcrom.com
7   SULLIVAN & CROMWELL LLP
    1870 Embarcadero Road
8   Palo Alto, California  94303
    Telephone:   (650) 461-5600
9   Facsimile:   (650) 461-5700

10
    Attorneys for MPEG LA, L.L.C.
11

12

13                        UNITED STATES DISTRICT COURT
14
                         NORTHERN DISTRICT OF CALIFORNIA
15

16
    MEDIOSTREAM, INC.,                    )   Case No. 10-CV-05979 JDF
17                                        )
                          Plaintiff,      )   **DEFENDANT MPEG LA, L.L.C.'S**
18                                        )   **NOTICE OF MOTION AND**
                    v.                    )   **MOTION TO DISMISS FOR LACK**
19                                        )   **OF SUBJECT MATTER**
    MPEG LA, L.L.C.,                      )   **JURISDICTION; MEMORANDUM**
20                                        )   **OF POINTS AND AUTHORITIES**
                          Defendant.      )   **IN SUPPORT THEREOF** _____
21                                        )
                                          )   Judge:   Honorable Jeremy D. Fogel
22                                        )   Date:  June 10, 2011
                                          )   Time:  9:00 a.m.
23   _____)   Courtroom: 3

24

25

26

27

28

1                      **NOTICE OF MOTION AND MOTION**

2 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3           PLEASE TAKE NOTICE THAT on June 10, 2011, at 9:00 a.m., or as

4 soon thereafter as counsel may be heard, in Courtroom 3 of the United States

5 District Court for the Northern District of California, located at U.S. District Court,

6 280 S. First St., San Jose, California, Defendant MPEG LA, L.L.C., through its

7 counsel, will and hereby does move this Court to dismiss this action for lack of

8 subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil

9 Procedure.

10           Defendant MPEG LA seeks an order from the Court dismissing this

11 action without leave to amend.  This Motion is filed subsequent to several

12 conferences regarding the substance of the Motion and the hearing date.  (*See*

13 Declaration of Shawn Joe Lichaa at ¶¶ 2,3, 5.)  This Motion is and will be based

14 upon the accompanying Memorandum, the Declaration of Jean-Philippe C.

15 Gascon, the Declaration of Shawn Joe Lichaa, and such other matters as may be

16 presented to the Court at or before a hearing on this Motion.

17                **LOCAL RULE 7.4 STATEMENT OF ISSUES**

18           1.     Has MedioStream met its burden of demonstrating that this

19 Court has jurisdiction, pursuant to either 28 U.S.C. § 1332 or the Federal

20 Declaratory Judgment Act, over the present action?

21

22

23

24

25

26

27

28

-1-

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

## **I.      PRELIMINARY STATEMENT**

3            Plaintiff MedioStream, Inc. ("MedioStream" or "Plaintiff") has

4  drafted an ill-conceived complaint against Defendant MPEG LA, L.L.C. ("MPEG

5  LA") that advances two separate and erroneous bases of federal jurisdiction.

6            *First*, MedioStream alleges that federal subject matter jurisdiction

7  exists on the basis of diversity jurisdiction.  But diversity jurisdiction does not exist

8  here, because there is a lack of complete diversity amongst the parties to the action;

9  both Plaintiff MedioStream and Defendant MPEG LA are deemed to be citizens of

10  the same state, *i.e.*, California.  Plaintiff MedioStream has admitted that it is a

11  citizen of California, having been incorporated in California and maintaining its

12  principal place of business in Los Altos, California.  Defendant MPEG LA, as a

13  limited liability company, is deemed to be a citizen of each state in which any of its

14  members is a citizen.  One of the members of MPEG LA, Fujitsu Network

15  Communications, Inc. ("Fujitsu Network Communications"), is a California

16  corporation.

17            *Second*, Plaintiff has separately sought to manufacture federal

18  jurisdiction by alleging that the Federal Declaratory Judgment Act serves as an

19  alternate basis for federal jurisdiction.  But this effort similarly fails.  The Federal

20  Declaratory Judgment Act does not confer jurisdiction on the federal judiciary

21  where no jurisdiction independently exists.  Instead, it merely creates a remedy for

22  matters properly before the federal court.

23            No matter how Plaintiff attempts to characterize its claims, its cause

24  of action is a contract dispute between two citizens of California, and this Court

25  does not have jurisdiction over the matter.  Accordingly, this Court should dismiss

26  the matter without leave to amend.

27

28

## II.     RELEVANT FACTS

Plaintiff filed its Complaint for Declaratory Relief and Breach of Contract ("Complaint") on December 30, 2010.  According to the Complaint, [1] MedioStream developed "two technology platforms that performed efficient MPEG-2 encoding and decoding and were well-received by the trade media." (Complaint (hereinafter, "Compl.") at ¶ 7.)

With respect to MedioStream, Plaintiff admits that its citizenship is California:  "Plaintiff MedioStream, Inc. is a California Corporation that maintains its principal place of business" in Los Altos, California.  (Compl. at ¶ 4.)

With regard to jurisdiction, Plaintiff alleges that "MPEG LA in [*sic*] the 'Licensing Administrator' for numerous 'Licensors' that own and have rights to license one or more patents necessary for compliance with the MPEG-2 Standard (referred to as 'MPEG -2 Essential Patents')."  (Compl. at ¶ 13.)  Plaintiff alleges, "[u]pon information and belief, defendant MPEG LA, L.L.C. . . . is a limited liability company of Delaware having its principal place of business" in Colorado.  (Compl. ¶ 3.)  No members of MPEG LA are identified in the Complaint.  However, Fujitsu Network Communications is a member of MPEG LA and is incorporated under the laws of the State of California.  (Declaration of Jean-Philippe C. Gascon ("Gascon Decl.") ¶ 2.)

MedioStream asserts two causes of action against MPEG LA.  The first claim for relief seeks an order, pursuant to the Federal Declaratory Judgment Act, "that its products remain licensed under the MPEG-2 Patent Portfolio License Agreement."  (Compl. at ¶¶ 23-24.)  The second claim for relief alleges that MPEG LA breached the MPEG-2 Patent Portfolio license agreement by refusing to renew the agreement.  (Compl. at ¶ 8.)  Although it is unclear how MedioStream

---

[1]     Conclusory allegations concerning jurisdictional facts (including the citizenship of the parties) need not be accepted. *See White* v. *Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

-3-

1  undertakes its calculations of amount in controversy, MedioStream makes the

2  incredible claim that it has "billions of dollars at stake in the current litigation

3  regarding its rights to make its own products to the exclusion of others . . . ."

4  (Compl. at ¶ 17.)

5  **III.    ARGUMENT**

6            Plaintiff, as the party asserting jurisdiction of the federal courts, bears

7  the burden of establishing that federal jurisdiction exists.  *Kohler* v. *Inter-Tel Tech*,

8  244 F.3d 1167, 1170 n.3 (9th Cir. 2001).[2]  A motion to dismiss for lack of subject

9  matter jurisdiction may challenge both the face and facts of the complaint.  *White*,

10  227 F.3d at 1242.  While a facial challenge is aimed at the substance of the

11  complaint, a factual attack permits a "court to look beyond the complaint to

12  matters of the public record without having to convert the motion into one for

13  summary judgment."  *Id.*  Under a factual attack, this Court need not assume the

14  truth of Plaintiff's allegations, *id,* and "proof of jurisdictional facts may be

15  supplied by affidavit, declaration, or any other evidence properly before the court

16  in addition to the pleadings challenged by the motion."  *Green* v. *US,* 630 F.3d

17  1245, 1248 n.3 (9th Cir. 2011).  In defending against a factual attack on the subject

18  matter jurisdiction of this Court, "the party opposing the motion must furnish

19  affidavits or other evidence necessary to satisfy its burden of establishing subject

20  matter jurisdiction."  *Savage* v. *Glendale Union High Sch.*, 343 F.3d 1036, 1040

21  n.2 (9th Cir. 2003).

22            Defendant MPEG LA challenges both the facts and the face of the

23  Complaint, and this Court should dismiss without leave to amend MedioStream's

24  Complaint for lack of subject matter jurisdiction.  Plaintiff advances two bases for

25  subject matter jurisdiction:  1) diversity jurisdiction, pursuant to 28 USC § 1332;

26

27  [2]    Indeed, the presumption is that federal jurisdiction *does not* exist until this
burden is met.  *E.g., Kokkonen* v. *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

28  (1994).

-4-

1 and 2) jurisdiction pursuant to the Federal Declaratory Judgment Act, 28 U.S.C.

2 § 2201.[3]  Both bases for jurisdiction are deficient.  First, Plaintiff's cause of action

3 does not meet the complete diversity requirement of 28 U.S.C. § 1332.  Second,

4 the Federal Declaratory Judgment Act is not an independent basis for jurisdiction;

5 it merely creates a procedural remedy.

6    **A.    This Court Lacks Diversity Jurisdiction**

7         Federal courts have subject matter jurisdiction over civil actions

8 between "citizens of different states," where the "matter in controversy exceeds the

9 sum or value of $75,000."  28 U.S.C. § 1332(a)(1).  Diversity jurisdiction under

10 18 U.S.C. § 1332(a), however, attaches "only to cases in which the citizenship of

11 each plaintiff is diverse from the citizenship of each defendant."  *Caterpillar Inc*.

12 v. *Lewis*, 519 U.S. 61, 68 (1996).  The party seeking to invoke diversity

13 jurisdiction has the burden of "alleg[ing] affirmatively the *actual* citizenship of the

14 relevant parties."  *Kanter* v. *Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.

15 2001) (emphasis added).  The citizenship of an entity – as opposed to a natural

16 person – involved in litigation depends on the type of entity.  *Johnson* v. *Columbia*

17 *Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Thus, for example,

18 a corporation is deemed to be a citizen of any state by which it has been

19 incorporated and of the state where it has its principal place of business.  28 U.S.C.

20 § 1332(c)(1).

21         In 2006, the Ninth Circuit joined "every circuit that has addressed the

22 issue" in ruling that "an LLC is a citizen of every state of which its

23 owners/members are citizens."  *Johnson*, 437 F.3d at 899.  In *Johnson*, the Ninth

24 Circuit held the requirement of complete diversity was present in a dispute

25 between individual plaintiff, a citizen of Alaska, and an LLC, none of three

26 _____

[3]    MedioStream does not even attempt to assert federal question jurisdiction
27 pursuant to 28 U.S.C. § 1331.  Indeed, such an attempt would be futile since, as
described above, the substance of the dispute arises out of an alleged breach of
28 contract.

-5-

1  members of which was incorporated in Alaska or maintained its principal place of

2  business there.  *Id; accord Schneider Rucinski Enters.* v. *Stratasoft, Inc.,* 2009 WL

3  559827, at *7 (S.D. Cal. March 3, 2009) (finding lack of diversity jurisdiction

4  because plaintiff and members of LLC are each citizens of California);  *Kim-C1,*

5  *LLC* v. *Valent Biosciences Corp.*, 2010 WL 2292289, at *2 (E.D. Cal. June 4,

6  2010) (holding that, as an LLC, "Kim must make allegations regarding the

7  citizenship of its members/owners in order to properly allege its own citizenship");

8  *County Metropolitan Transp.* v. *Butler Block, LLC*, 337 Fed. Appx. 708, 709 (9th

9  Cir. 2009) (affirming dismissal for failure to meet requirement of complete

10  diversity, where plaintiff and member of LLC were both citizens of Oregon).

11            MedioStream incorrectly asserts that this Court has diversity

12  jurisdiction pursuant to 28 U.S.C. § 1332 over its action.  (Compl. ¶ 4.)  The

13  requirement of complete diversity, however, has not been met, as both Plaintiff

14  MedioStream and Defendant MPEG LA are citizens of the state of California.

15  MedioStream has admitted that it is a California corporation, with its principal

16  place of business in Los Altos, California.  28 U.S.C. § 1332(c)(1); (Compl. ¶ 2).

17  MPEG LA, a limited liability company, is also a citizen of California as one of its

18  members — Fujitsu Network Communications — is a California corporation.  *See*

19  *Johnson*, 437 F.3d at 899; (Gascon Decl. ¶ 2).  Fujitsu Network Communications is

20  headquartered in Richardson, Texas.  (Gascon Decl. ¶ 2.)

21            Because the requirement of complete diversity is not present,

22  jurisdiction is improper under the federal diversity statute 28 U.S.C. § 1332, and

23  this Court should dismiss MedioStream's Complaint.

24       **B.     The Federal Declaratory Judgment Act Is Not an Independent**
              **Basis for Jurisdiction**
25

26            The Federal Declaratory Judgment Act, the second jurisdictional basis

27  invoked by Plaintiff, is not an independent source of federal jurisdiction, and

28  cannot confer jurisdiction on a federal court where none otherwise exists.

-6-

1 | *Maryland Cas. Co.* v. *Knight*, 96 F.3d 1284 (9th 1996) ("The Declaratory

2 | Judgment Act . . . does not itself confer federal subject matter jurisdiction; rather, it

3 | vests a district court with discretion to proceed with respect to a certain type of

4 | case already 'within its jurisdiction.'"); *Clark* v. *Busey*, 959 F.2d 808, 812 (9th

5 | 1992) ("Nor does the Declaratory Judgment Act provide an independent

6 | jurisdictional basis; it affords a remedy only where subject matter jurisdiction is

7 | already established."). Accordingly, the Federal Declaratory Relief Act may not

8 | serve as the basis for federal jurisdiction.

9 | **C.**     **The Complaint Should Be Dismissed without Leave to Amend**

10 |      Although 28 U.S.C. § 1653 provides that "defective allegations of

11 | jurisdiction may be amended, upon terms, in the trial or appellate courts," that

12 | statute is limited to defective "*allegations* only" and "does not provide a remedy

13 | for defective jurisdiction itself." *Morongo Band Of Mission Indians* v. *California*

14 | *State B'd or Equalization*, 858 F.2d 1376, 1380 n.3 (9th Cir. 1998) (emphasis

15 | added). Where jurisdiction is lacking, the federal court has no power to do

16 | anything other than dismiss the complaint without leave to amend. *Id.* at 1380 n.3.

17 | In *Morongo*, the Ninth Circuit held, "the defect in the present case is one of

18 | substance – the case does not arise under federal law. The district court, therefore,

19 | had no power to grant the Band leave to amend its complaint." *Id.* As *Morongo*

20 | makes clear, the Complaint, thus, should be dismissed without leave to amend.

21 | **IV.**    **CONCLUSION**

22 |      Because this Court does not have subject matter jurisdiction over the

23 | action, MPEG LA respectfully request that the Court dismiss the Complaint

24 | without leave to amend.

25 |

26 |

27 |

28 |

1   Dated:  March 30, 2011                           /s/ Michael H. Steinberg

2                                                Michael H. Steinberg (CSB No. 134179)
                                             SULLIVAN & CROMWELL LLP
3                                                1888 Century Park East, Suite 2100
                                             Los Angeles, CA 90067
4                                                Telephone:   (310) 712-6600
                                             Facsimile:    (310) 407-2674

5
                                             Brendan P. Cullen (CSB No. 194057)
6                                                Shawn Joe Lichaa (CSB No. 250902)
                                             SULLIVAN & CROMWELL LLP
7                                                1870 Embarcadero Road
                                             Palo Alto, California  94303
8                                                Telephone:   (650) 461-5600
                                             Facsimile:    (650) 461-5700

9                                                Attorneys for MPEG LA, L.L.C.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-