1  Michael H. Steinberg (CSB No. 134179)
   steinbergm@sullcrom.com
2  SULLIVAN & CROMWELL LLP
   1888 Century Park East, Suite 2100
3  Los Angeles, CA 90067
   Telephone:   (310) 712-6600
4  Facsimile:   (310) 407-2674

5  Brendan P. Cullen (CSB No. 194057)
   cullenb@sullcrom.com
6  Shawn Joe Lichaa (CSB No. 250902)
   lichaas@sullcrom.com
7  SULLIVAN & CROMWELL LLP
   1870 Embarcadero Road
8  Palo Alto, California  94303
   Telephone:   (650) 461-5600
9  Facsimile:   (650) 461-5700

10 Attorneys for MPEG LA, L.L.C.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| MEDIOSTREAM, INC., | ) | Case No. 10-CV-05979 EJD |
|---|---|---|
| Plaintiff, | ) | **REPLY IN FURTHER SUPPORT OF MPEG LA, L.L.C.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | ) | |
| MPEG LA, L.L.C., | ) | |
| Defendant. | ) | Judge: Honorable Edward J. Davila<br>Date: September 16, 2011<br>Time: 9:00 a.m.<br>Courtroom: 1 |

On August 29, 2011, Plaintiff MedioStream, Inc. ("MedioStream") belatedly filed its Opposition to MPEG LA's Motion to Dismiss and Request Filing of Amended Complaint. (Dkt. # 30.)[1]  MPEG LA, L.L.C. ("MPEG LA") files this Reply in Further Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Reply") in order to address the "Opposition" portion of MedioStream's filing.[2]

## PRELIMINARY STATEMENT AND RELEVANT FACTS

MedioStream's Complaint for Declaratory Relief and Breach of Contract ("Original Complaint" (Dkt. # 1)) asserts only two bases for federal subject matter jurisdiction. *First*, MedioStream contends that jurisdiction is proper on the basis of diversity jurisdiction. (Compl., Dkt. # 1 at ¶ 4.)  *Second*, MedioStream invokes this Court's jurisdiction on the basis of the Federal Declaratory Judgment Act.  (*Id.*)

On March 30, 2011, MPEG LA filed its Motion to Dismiss the Complaint For Lack of Subject Matter Jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) (the "Motion to Dismiss").  (Dkt. # 10.)  In the memorandum accompanying the Motion to Dismiss, MPEG LA demonstrated that this Court lacked federal subject matter jurisdiction since this action failed to meet the requirement of complete diversity and the Federal Declaratory Judgment Act was not an independent source of jurisdiction.  With respect to the absence of complete diversity, there is no dispute that both MedioStream and MPEG LA are deemed to be citizens of California. MedioStream's citizenship is hardly controversial: in its Original Complaint MedioStream admitted that it was a citizen of California by virtue of its state of incorporation and principal place of business.  (Compl., Dkt. # 1, ¶ 2.)   MPEG LA's citizenship is equally straightforward. In support of the Motion to Dismiss, MPEG LA submitted the Declaration of Jean-Philippe C.

---

[1] Separately, MPEG LA is filing a statement indicating that it does not oppose MedioStream's Motion to Extend Time To Respond To MPEG LA's Motion To Dismiss, filed August 30, 2011, (Dkt. # 32).

[2] Separately, MPEG LA is filing an Objection to the Request Filing of Amended Complaint ("Objection"), addressing the substantive and procedural deficiencies of MedioStream's request that this Court enter its Amended Complaint for Declaratory Relief and Breach of Contract as of August 19, 2011.

-1-

1   Gascon ("Gascon Declaration"), attesting to the fact that Fujitsu Network Communications, Inc.
2   ("Fujitsu Network Communications"), a member of MPEG LA, is incorporated in California.
3   (Dkt. 10, pp. 2, 6; Gascon Decl. Dkt. # 12.)
4   　　　　On August 19, 2011, MedioStream filed its Amended Complaint for Declaratory
5   Relief and Breach of Contract (Dkt. # 28), without first obtaining MPEG LA's written consent or
6   leave of the Court.  On August 29, 2011, MedioStream filed its "Opposition" to the Motion to
7   Dismiss; but that filing nowhere provides any support why MPEG LA's Motion to Dismiss
8   should not be granted.  As set forth in greater detail in MPEG LA's Objection, the August 19,
9   2011 purported Amended Complaint was improper and without legal effect.  *See, e.g., Primerica*
10  *Life Ins. Co.* v. *Davila,* 2011 WL 643395, at *2 (E.D. Cal. February 17, 2011) ("If an amended
11  cannot be made as of right and is filed without leave of court or consent of the opposing party,
12  the amended pleading a nullity and without legal effect.").  Further, as set forth as well in MPEG
13  LA's purported Amended Complaint and its "Request Filing of Amended Complaint" were
14  procedurally and substantively deficient.  Accordingly, none of those filings moots this Motion
15  to Dismiss.

16  **ARGUMENT**

17  　　　　No action may proceed in federal court unless the party seeking to avail itself of
18  the federal forum establishes that federal jurisdiction exists.  *Kohler* v. *Inter-Tel Tech*, 244 F.3d
19  1167, 1170 n.3 (9th Cir. 2001); *see also Kokkonen* v. *Guardian Life Ins. Co. of Am.*, 511 U.S.
20  375, 377 (1994) (presumption that federal jurisdiction does not exist until burden is met).
21  MedioStream has failed to meet its burden, and has conceded as much by filing its improper
22  Opposition to MPEG LA's Motion to Dismiss and Request Filing of Amended Complaint.  (Dkt.
23  # 32.)  Accordingly, this Court should grant MPEG LA's Motion to Dismiss.
24  　　　　This action must be dismissed for failure to meet the requirement of complete
25  diversity, because citizens of California are on both sides of the litigation and the Federal
26  Declaratory Judgment Act is not an independent source of federal jurisdiction.

-2-

### A. There is a Lack of Complete Diversity

As set forth in MPEG LA's moving papers, federal courts have subject matter jurisdiction over civil actions "between citizens of different states," where the "matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). (Dkt. #10, p. 5.) But diversity jurisdiction does not exist unless the case is one "in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc.* v. *Lewis*, 519 U.S. 61, 68 (1996). A limited liability company, such as MPEG LA, "is a citizen of every state of which its owners/members are citizens." *Johnson* v. *Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). This basic rule regarding citizenship of limited liability companies is the rule of "every circuit that has addressed the issue." (*Id.*)

In this matter, diversity jurisdiction is lacking because Plaintiff MedioStream and Defendant MPEG LA are both citizens of California. MedioStream has admitted that it is a California corporation, with its principal place of business in Los Altos, California. (Compl., Dkt. #1, ¶ 4.) It is, accordingly, deemed to be a citizen of California. 28 U.S.C. § 1332(c)(1). In its Motion to Dismiss, MPEG LA properly introduced the Gascon Declaration, evidencing that one of MPEG LA's members, Fujitsu Network Communications, is a California corporation.[3] (Gascon Decl. ¶ 2.) Complete diversity is therefore lacking.

### B. The Federal Declaratory Judgment Act Does Not Confer Jurisdiction on this Court

The only other jurisdictional basis invoked by MedioStream is the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (Compl., ¶ 2); that Act, however, is not an independent source of federal jurisdiction and cannot be the basis for this Court to exercise jurisdiction over this matter. *E.g.*, *Staacke* v. *United States Secretary of Labor,* 841 F.2d 278, 280 (9th Cir. 1988) ("It is well settled that the Declaratory Judgment Act does not itself confer

---

[3] As stated in MPEG LA's Motion to Dismiss, this Court need not assume the truth of MedioStream's jurisdictional allegations and "proof of jurisdictional facts may be supplied by affidavit, declaration, or any other evidence properly before the court in addition to the pleadings challenged by the motion." *Green* v. *US*, 630 F.3d 1245, 1248 n.3 (9th Cir. 2011).

-3-

1  federal subject matter jurisdiction, but merely provides an additional remedy in cases where
2  jurisdiction is otherwise established.") (internal quotations and citation omitted); *Aetna Life Ins.*
3  *Co.* v. *Haworth*, 300 U.S. 227, 240 (1937) (Declaratory Judgment Act is "procedural only").

### C. The Court Should Not Grant Leave to Amend

As addressed in MPEG LA's dismissal motion and explained in greater detail in MPEG LA's Objection, because jurisdiction is lacking, this Court is without power to do anything other than dismiss the Original Complaint. *Morongo Band of Mission Indians* v. *California State B'd of Equalization*, 858 F.2d 1376, 1380 n.3 (9th Cir. 1998) ("[T]he defect in the present case is one of substance – the case does not arise under federal law. The district court, therefore, had no power to grant the Band leave to amend its complaint.") (*citing United States* v. *Boe*, 543 F.2d 151, 159 (C.C.P.A.1976) (when subject matter jurisdiction is lacking, the district court "ha[s] no power to do anything, other than to dismiss the action," and any order other than to dismiss is a nullity) (parenthetical in original)).[4]

### D. MedioStream's Recent Filings Do Not Render this Motion Moot

As set forth in greater detail in MPEG LA's Objection, MedioStream's purported Amended Complaint is a nullity and has no legal effect because MedioStream failed to obtain MPEG LA's written consent or leave of the Court prior to filing, as required by Fed. R. Civ. P. 15. Accordingly, even though MedioStream did not file a substantive opposition to this Motion to Dismiss, this Court may still rule on the pending motion. *See Fagorala* v. *Nationstar*

---

[4] The question before this Court is not whether a plaintiff can amend a jurisdictionally deficient complaint *as of right*, but whether this Court has the authority to grant leave to amend when the Court does not have jurisdiction over the Original Complaint and MedioStream itself no longer may amend the complaint as a matter of course. Had MedioStream attempted to do so in a timely fashion, it *might* have been able to amend its Original Complaint, because, according to at least one circuit, "[a]mendments as of right under Rule 15(a) operate 'as a matter of course,' and do not require a judicial imprimatur." *Connectu LLC* v. *Zuckerberg*, 522 F.3d 82, 95-96 (1st Cir.2008) (permitting plaintiff to amend its complaint as a matter of course to switch jurisdictional basis from a diversity action to a federal question case). It should be noted that the First Circuit decided *Connectu LLC* under the old Fed. R. Civ. P. 15(a), which terminated a plaintiff's right to amend upon the filing of a responsive pleading, and premised its holding in part on the fact that no jurisdictional challenge had been made to the complaint: "[T]he LLC's amended complaint was filed as of right and became the operative complaint without judicial intervention and *before any jurisdictional challenge had surfaced.*" *Id.* (emphasis added). This is not the case here.

-4-

*Mortgage, LLC*, 2010 WL 2278722, at *1 (N.D. Cal. June 7, 2010) (Hamilton, P., J.) (granting motion to dismiss original complaint, even though plaintiff filed no written opposition to defendant's motion to dismiss, and striking amended complaint filed without defendant's consent or leave of the court); s*ee also Rivera* v. *Smith*, 2011 WL 902097, at *1 (E.D. Cal. March 15, 2011) (same).  Further, as also explained in the Objection, MedioStream has improperly sought an order entering its purported Amended Complaint retroactively—as of August 19, 2011—without properly noticing that motion and without providing MPEG LA an opportunity to argue the merits of its request for leave to amend.  Accordingly, the Court should not entertain that filing, and should grant this Motion to Dismiss.

## **CONCLUSION**

Because this Court lacks subject matter jurisdiction over this action, MPEG LA respectfully requests that this Court dismiss the Original Complaint without leave to amend.

Dated: September 2, 2011

*/s/ Michael H. Steinberg*
Michael H. Steinberg (CSB No. 134179)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:(310) 712-6600
Facsimile: (310) 407-2674

Brendan P. Cullen (CSB No. 194057)
Shawn Joe Lichaa (CSB No. 250902)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California  94303
Telephone:    (650) 461-5600
Facsimile:    (650) 461-5700

Attorneys for MPEG LA, L.L.C.