1 | Michael H. Steinberg (CSB No. 134179)
steinbergm@sullcrom.com
2 | SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
3 | Los Angeles, CA 90067
Telephone: (310) 712-6600
4 | Facsimile: (310) 407-2674

5 | Brendan P. Cullen (CSB No. 194057)
cullenb@sullcrom.com
6 | Shawn Joe Lichaa (CSB No. 250902)
lichaas@sullcrom.com
7 | SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
8 | Palo Alto, California 94303
Telephone: (650) 461-5600
9 | Facsimile: (650) 461-5700

10 | Attorneys for MPEG LA, L.L.C.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MEDIOSTREAM, INC., <br><br>        Plaintiff, <br><br>    v. <br><br>MPEG LA, L.L.C., <br><br>        Defendant. | Case No. 10-CV-05979 EJD <br><br>**DEFENDANT MPEG LA, L.L.C.'S OBJECTION TO MEDIOSTREAM, INC.'S "REQUEST FILING OF AMENDED COMPLAINT" AND MEMORANDUM IN SUPPORT THEREOF** <br><br>Judge: Honorable Edward J. Davila <br>Date: September 16, 2011 <br>Time: 9:00 a.m. <br>Courtroom: 1 |

Defendant MPEG LA, L.L.C. ("MPEG LA") objects to MedioStream Inc.'s ("MedioStream") untimely Opposition to MPEG LA's Motion to Dismiss and Request Filing of Amended Complaint ("Request" (Dkt. # 30)), and asks that this Court deny MedioStream's improper request to enter its purported amended complaint as of August 19, 2011.[1]

**PRELIMINARY STATEMENT**

MedioStream has sued MPEG LA on two counts related to a licensing contract that MPEG LA had with MedioStream, but which has now expired by its terms.  MedioStream purported to premise federal jurisdiction on diversity and the Federal Declaratory Relief Act.  (*See* Complaint, Dkt. # 1, ¶ 4.)   Because neither ground provided a basis for this Court's jurisdiction, on March 30, 2011, MPEG LA timely moved to dismiss under Fed. R. Civ. P. 12(b)(1).  (Dkt. # 10.)  MedioStream has never responded to the arguments that MPEG LA brought, based upon settled authority, showing that its motion to dismiss was proper.  In response, MedioStream has attempted to cure the jurisdictional defect by filing its Amended Complaint.  MedioStream now purports to base jurisdiction upon an entirely new claim filed against various Sony related entities, making MPEG LA now a pendant party on state law claims.

Beyond the jurisdictional flaws of any new "Amended" Complaint, MedioStream did not timely amend its Complaint, and has filed it without first obtaining MPEG LA's written consent or leave of the Court, as Fed. R. Civ. P. 15 requires.  MedioStream pursued this course of action, even though MPEG LA sent (via email and U.S. Mail) MedioStream a letter explaining that such a filing was improper.  Because MedioStream did not comply with the requirements of Fed. R. Civ. P. 15, MedioStream's Amended Complaint is a nullity and without legal effect.  *See, e.g., Primerica Life Ins. Co.* v. *Davila,* 2011 WL 643395, at *2 (E.D. Cal. February 17, 2011).  Accordingly, as discussed below, this Court  may not "enter an order filing

---

[1] MPEG LA has filed concurrently herewith a separate "Reply in Further Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction" (the "Reply").  MPEG LA's Reply responds to MedioStream's "Opposition" to the Motion to Dismiss, and this Objection to the Request addresses the impropriety of MedioStream's "Request Filing of Amended Complaint."

-1-

1  MedioStream's Amended Complaint as of August 19, 2011[,]" as requested by MedioStream. 
2  (Request, p. 2.)
3         To the extent that MedioStream's Request is its attempt to seek leave from the 
4  Court, such request is improper and should be denied.  *First*, this Court does not have 
5  jurisdiction to grant leave to amend where it lacked subject matter jurisdiction over the 
6  underlying complaint.  *Second*, MedioStream did not make its Request under a noticed motion 
7  with the ordinary briefing period, which would allow MPEG LA to brief the issue (when its 
8  counsel is in town and not on vacation).[2]  MPEG LA should be given the opportunity to fully 
9  brief, *inter alia*, whether the parties to the action are properly joined and whether this Court even 
10 has jurisdiction to grant leave to amend.
11        MedioStream has filed a nonsensical[3] and procedurally defective Request.  The 
12 Court should not countenance MedioStream's improper filing, and MPEG LA requests that this 
13 Court deny the Request.  Should this Court entertain a motion for leave to amend, MedioStream 
14 must proceed under a noticed motion as required by the local rules.

15        **FACTS AND PROCEDURAL BACKGROUND**

16        MedioStream filed its Complaint on December 30, 2010 (Dkt. # 1), but delayed 
17 serving it until March 9, 2011.  (Dkt. # 9.)   The alleged basis for federal jurisdiction was 
18 diversity and the Federal Declaratory Relief Act.  However, both of these grounds were improper 
19 because, as set forth in MPEG LA's Motion to Dismiss, (i) Plaintiff MedioStream and Defendant 
20 MPEG LA were both citizens of California, reflecting a lack of complete diversity, and (ii) the 
21 Federal Declaratory Judgment Act is not an independent basis of federal jurisdiction.

---

[2]  By not having a noticed motion, MedioStream would have this Court rule on its proposed Amended Complaint, giving MPEG LA only four days to respond, and without a proper motion date.  This is but one of the many problems occasioned by MedioStream's attempts to shortcut the rules.

[3]  For example, MedioStream curiously argues that "MPEG LA has NO legitimate argument that the Amended Complaint arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 and the patent laws of the United States, Title 35, U.S.C. § 1 et seq., or that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a)."  (Request, Dkt. 30, p. 3.)  But it is doubtful that MedioStream even means what it has written, making any response from MPEG LA even more difficult.

1    Prior to moving to dismiss the Complaint, MPEG LA provided MedioStream with
2 the specific bases of its forthcoming motion.  (Dkt. # 11, Declaration of Shawn Joe Lichaa in
3 support of MPEG's Motion to Dismiss, ¶¶ 2, 3.)  Nonetheless, MedioStream did not amend its
4 Complaint at that time, forcing MPEG LA to file its Motion to Dismiss for Lack of Subject
5 Matter Jurisdiction on March 30, 2011.  (Dkt. # 10.)

6    On April 25, 2011, this matter was reassigned from the Honorable Jeremy D.
7 Fogel to this Court.  (Dkt. # 20.)  In accordance with Paragraph 7 of this Court's Reassignment
8 Order (Dkt. # 20), on May 19, 2011, MPEG LA re-noticed its Motion to Dismiss for September
9 16, 2011 at 9:00 a.m. (Dkt. # 25), the date stipulated to by the Parties.  (Dkt. # 24.)

10    Under the Civil Local Rules governing this action at the time the Motion to
11 Dismiss was filed, MedioStream's Opposition would have been due by no later than August 26,
12 2011.  (Superseded Civ. L. R. 7-3(a).)  Instead of filing an opposition, MedioStream filed its
13 purported Amended Complaint on August 19, 2011 without first seeking leave of the Court or
14 obtaining MPEG LA's written consent.  (Dkt. # 28.)  But even before MedioStream filed its
15 Amended Complaint, MPEG LA had sent a letter to MedioStream[4] (via email and U.S. Mail)
16 explaining that, were MedioStream to make any such amendment, it would be improper under
17 Rule 15 of the Federal Rules of Civil Procedure, unless MedioStream first obtained MPEG LA's
18 written consent or leave of the court.  (Declaration of Shawn Joe Lichaa in Support of Objection
19 ("Lichaa  Decl.") ¶¶ 2-4.)[5]  On August 29, 2011, MedioStream filed its Request, but did not do
20 so as a noticed motion that would provide MPEG LA a full opportunity to respond.

---

[4]   In connection with the mandatory Rule 26 conference, counsel for MedioStream and MPEG LA had a telephonic conference on August 15, 2011.  At that time, MedioStream's counsel informed MPEG LA's counsel that MedioStream intended to amend its complaint, but refused to tell MPEG LA's counsel anything about that amendment, how the amendment would properly allege jurisdiction, or what additional factual allegations MedioStream would assert.

[5]   MedioStream cries that MPEG LA has engaged in gamesmanship, which is a peculiar assertion given the facts here.  Although it is irrelevant to the determination of the issues before the Court, the Lichaa Declaration, filed concurrently herewith, provides more information concerning the communications between the parties and refutes any such assertion by MedioStream, including the fact that MedioStream admits to having received the correspondence.  (Lichaa Decl. ¶¶ 2-9.)

-3-

**I.     ARGUMENT**

The Rules at issue are clear. Rule 15(a)(1) provides that "a party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. 15(a)(1)(A)-(B).[6] "In all other cases," Fed. R. Civ. P. 15(a)(2) provides, "a party may amend its pleading *only with the opposing party's written consent or the court's leave*." Fed. R. Civ. P. 15(a)(2) (emphasis added).

MedioStream did not timely attempt to amend its complaint as a matter of course; further, it had neither MPEG LA's consent (in writing or otherwise) nor leave of Court. Because it lacked any basis for filing, MedioStream's August 19, 2011 purported Amended Complaint is null and void for failure to adhere to the requirements of Rule 15(a). *E.g.*, *Primerica Life Ins. Co.* 2011 WL 643395, at *2 ("If an amended cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading a nullity and without legal effect."). Because the August 19, 2011 filing is without legal effect, this Court cannot grant MedioStream's request to "enter an order filing MedioStream's Amended Complaint as of August 19, 2011." (Request, p. 2.)

*Second*, courts have enforced Rule 15(a) by striking improperly filed amendments. For example, in *Fagorala* v. *Nationstar Mortgage, LLC*, plaintiff "failed to file any written opposition to defendant's motion [to dismiss]," and instead "unilaterally filed" its first amended complaint without defendant's consent or leave of the court. *Id.*, 2010 WL 2278722, at *1 (N.D. Cal. June 7, 2010) (Hamilton, P., J.). Accordingly, that court struck "the filing of Plaintiff's first amended complaint[,]" ruled that the "operative complaint is still the original complaint[,]" and granted defendant's motion to dismiss the original complaint. *See*

---

[6] Pursuant to the rules, MedioStream's ability to attempt to amend as a matter of course terminated on April 21, 2011, which was 21 days after MPEG LA filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and four days before this matter was reassigned to this Court. *See Fed. R. Civ. P.* 15(a)(1)-(2); *see also* Dkt. # 10.

-4-

*Rivera* v. *Smith*, 2011 WL 902097, at *1 (E.D. Cal. March 15, 2011) (striking amended complaint because it "was filed in violation of Rule 15 and is without legal effect" and granting motion to dismiss original complaint).

*Third*, because this Court lacks subject matter jurisdiction over the Complaint, this Court is without jurisdiction even to grant leave to amend. The Ninth Circuit in *Morongo Band Of Mission Indians* v. *California State B'd of Equalization* made clear that jurisdiction was a necessary prerequisite before a party could even amend. *See* 858 F.2d 1376, 1380 n.1 (9th Cir. 1988). In *Morongo*, plaintiff had lost its ability to amend its complaint as a matter of course, yet the district court granted leave to amend pursuant to the provisions of Fed. R. Civ. P. Rule 15(a). The Ninth Circuit overturned the order, holding that leave to amend was improper because the district court did not have jurisdiction over the original complaint: "[T]he defect in the present case is one of substance – the case does not arise under federal law. The district court, therefore, had no power to grant the Band leave to amend its complaint." *Id.* at 1380 n.3. MedioStream's Request fails to address this significant jurisdictional issue.[7]

*Fourth*, MedioStream has sidestepped the rules in order to pursue this request. Simply put, Civil Local Rule 7-2 requires all motions to be "*noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion.*" (Civ. L. R. 7-2(a) (emphasis added)). As noted, MPEG LA has serious concerns about whether the Court has jurisdiction to grant leave to amend or whether the proposed amendment is futile or

---

[7] The question before this Court is not whether a plaintiff can amend a jurisdictionally deficient complaint *as of right*, but whether this Court has the authority to grant leave to amend when the Court does not have jurisdiction over the Original Complaint and MedioStream itself no longer may amend the complaint as a matter of course. Had MedioStream attempted to do so in a timely fashion, it *might* have been able to amend its Original Complaint, because, according to at least one circuit, "[a]mendments as of right under Rule 15(a) operate 'as a matter of course,' and do not require a judicial imprimatur." *Connectu LLC* v. *Zuckerberg*, 522 F.3d 82, 95-96 (1st Cir.2008) (permitting plaintiff to amend its complaint as a matter of course to switch jurisdictional basis from a diversity action to a federal question case). It should be noted that the First Circuit decided *Connectu LLC* under the old Fed. R. Civ. P. 15(a), which terminated a plaintiff's right to amend upon the filing of a responsive pleading, and premised its holding in part on the fact that no jurisdictional challenge had been made to the complaint: "[T]he LLC's amended complaint was filed as of right and became the operative complaint without judicial intervention and *before any jurisdictional challenge had surfaced*." *Id.* (emphasis added). This is not the case here.

improper, because, for example, it violates the joinder rules.  Should the Court wish to consider these points, MPEG LA proposes that briefing proceed in an orderly fashion as contemplated under the rules, not in this current fashion simply because it would be convenient for MedioStream to avoid the rules.

Finally (and outrageously), MedioStream seeks an order that "MPEG LA's counsel be made to pay the costs of requiring this Court to hear its moot motion, as well as MedioStream's motion to extend time, resulting from MPEG LA's unprofessional litigation tactics." (Request, p. 2.)  Because MedioStream's August 19, 2011 Amended Complaint is a nullity and its Request is procedurally and substantively deficient, the upcoming hearing is not moot.  Further, MedioStream does not cite any case law in support of its request for fees.   Of course, no such award is merited, especially where MedioStream was on notice of (i) the defect in its Original Complaint *even before* MPEG LA filed its Motion to Dismiss, (Dkt. # 11, ¶¶ 2, 3), and (ii) the impropriety of the manner in which it was planning to file its Amended Complaint *even before* it filed its purported amendment.  (Lichaa Decl., ¶ 3.) [8]

## CONCLUSION

This Court should deny MedioStream's Request in its entirety and should rule on the pending motion to dismiss.  Alternatively, MPEG LA requests that this Court direct MedioStream to properly notice its request for leave to file its amendment so that the parties can brief the issues related to that amendment in an appropriate fashion that adheres to the Rules.

---

[8]   MPEG LA currently refrains from seeking attorneys' fees incurred in preparation of its Motions to Dismiss and this Objection.  MPEG LA reserves the right to seek these fees in the future should MedioStream continue to impose costs upon MPEG LA unnecessarily.

-6-

| | |
|---|---|
| Dated: September 2, 2011 | /s/  Michael H. Steinberg<br>Michael H. Steinberg (CSB No. 134179)<br>SULLIVAN & CROMWELL LLP<br>1888 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>Telephone:(310) 712-6600<br>Facsimile: (310) 407-2674<br><br>Brendan P. Cullen (CSB No. 194057)<br>Shawn Joe Lichaa (CSB No. 250902)<br>SULLIVAN & CROMWELL LLP<br>1870 Embarcadero Road<br>Palo Alto, California  94303<br>Telephone:     (650) 461-5600<br>Facsimile:      (650) 461-5700<br><br>Attorneys for MPEG LA, L.L.C. |