1  Byron Cooper (State Bar No. 166578)
   530 Lytton Avenue, Suite 200
2  Palo Alto, California  94301
   Telephone: (650) 283-4244
3  Facsimile: (650) 617-3201
   Email: bcooper@teklaw.co
4

5  Attorneys for Plaintiff
   MEDIOSTREAM, INC.
6

7                    UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                         SAN JOSE DIVISION

10

11  MEDIOSTREAM, INC.,                    Case No. 10-CV-05979 EJD

12                  Plaintiff,            **MedioStream's Sur-Reply In
                                          Opposition to MPEG LA's Motion To
13           v.                           Dismiss.**

14
                                          **Judge: Honorable Edward J. Davila**
15  MPEG.LA, L.L.C., SONY CORPORATION,    **Date: September 16, 2011**
    and SONY CORPORATION OF AMERICA       **Time: 9:00 a.m.**
16                  Defendants.           **Courtroom: 1**

17

18

19       Plaintiff MedioStream respectfully requests that this Court enter an order denying MPEG LA's

20  motion because this Court has subject matter jurisdiction.  MPEG LA in its reply brief has gone from

21  misrepresenting the facts to clearly misstating the law when it dictates that "…this Court is without

22  power to do anything other than dismiss the Original Complaint."  (Reply at p. 4).  This Court has

23  plenary power in the exercise of its discretion to allow the amendment of pleadings in the best interest

24  of justice, and to control its docket.  MPEG LA's extraordinary pronouncement dictating to this Court

25  how it <u>must</u> rule is not the law in this Circuit, or any other.  The Ninth Circuit Court of Appeals has

26  long held that a dismissal for failure to state a claim should provide leave to amend so long as the

27  complaint could be cured by the allegation of additional facts. *Lopez v. Smith*, 203 F.3d 1122, 1127

28  (9th Cir. 2000) (*en banc*) ("[I]n a line of cases stretching back nearly 50 years, we have held that in

1  dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to

2  amend even if no request to amend the pleading was made, unless it determines that the pleading

3  could not possibly be cured by the allegation of other facts.") (*citing Doe v. United States*, 58 F.3d

4  494, 497 (9th Cir. 1995); *Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv., Inc.*, 911 F.2d

5  242 (9th Cir. 1990); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990); *Noll v. Carlson*,

6  809 F.2d 1446 (9th Cir. 1987); *Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Sidebotham v.*

7  *Robison*, 216 F.2d 816 (9th Cir. 1954)).  The result is no different for any motion to dismiss under

8  Rule 12, and none of the cases cited by MPEG LA even suggest otherwise.  Where any pleading

9  subject to a motion to dismiss may be cured by amendment, this Court has the power to allow

10  amendment *sua sponte*, even where plaintiff has not requested amendment. *Id.*

11       Other circuits have also held that if a complaint is vulnerable to a motion to dismiss, a district

12  court must first permit the plaintiff to file a curative amendment, even if the plaintiff does not seek

13  leave to amend. *See e.g. Alston v. Parker*, 363 F.3d 229, 235 (3d. Cir. 2004); *Fletcher-Harlee Corp. v.*

14  *Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("leave to amend must be granted

15  *sua sponte* before dismissing" the complaint); *Steger v. Delta Airlines, Inc.*, 382 F. Supp. 2d 382, 387

16  (E.D.N.Y. 2005) ("[E]ven if not requested by the Plaintiff, the Court may *sua sponte* grant leave to

17  amend."); *Witkowich v. Gonzales*, 541 F. Supp. 2d 572, 590 (S.D.N.Y. 2008)(same). Pursuant to Fed.

18  R. Civ. P. 15(a), "leave (to replead) shall be freely given when justice so requires[.]" *Schlesinger Inv.*

19  *P'ship v. Fluor Corp.*, 671 F.2d 739, 743 (2d Cir. 1982) (citation omitted).  *Lopez v. Smith*, 203 F.3d

20  1122, 1127 (9th Cir. 2000) (*en banc*)(A district court "shall grant leave to amend freely `when justice

21  so requires.'").  *See also* Wright and Miller at 521-22 ("the court, on its own initiative, may require the

22  parties to amend to avoid dismissal"). The Court's discretion is "broad[,]" and "its exercise depends

23  upon  many factors, including undue delay, bad faith or dilatory motive on the part of the movant,

24  repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

25  opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Local 802,*

26  *Associated Musicians of Greater N.Y.*, 145 F.3d at 89 (*citing Foman v. Davis*, 371 U.S. 178, 182

27  (1962)); *see also Ricciuti v. New York City Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991)

28  (liberal policy regarding leave to amend applies with "particular strictness" to allegations of civil

1   rights violations).

2       MedioStream's original complaint alleges that MPEG LA is the "Licensing Administrator" for

3   numerous "Licensors" that own and have the right to license one or more patents necessary for

4   compliance with the MPEG-2 Standard (referred to as "MPEG-2 Essential Patents").  (Compl., Dkt. #

5   1, ¶ 13.).  A complaint seeking declaratory judgment regarding the right to enforce patents is clearly

6   within the subject matter jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1338(a), and MPEG

7   LA does not argue otherwise.  Instead, MPEG LA misstates the law by arguing that this Court

8   somehow lacks power to do anything but dismiss the complaint with prejudice because this Court

9   lacks diversity jurisdiction, ignoring MedioStream's repeated references to patents in its declaratory

10  judgment complaint.  MedioStream's repeated references to the underlying patent subject matter of the

11  allegations in its complaint give this Court subject matter jurisdiction under the Declaratory Judgment

12  Act, 28 U.S.C. §§ 2201-02 and the patent laws, Title 35, U.S.C. § 1 et seq., whether or not specifically

13  spelled out for MPEG LA.  MedioStream's Amended Complaint more explicitly sets forth the basis

14  for this Court's subject matter jurisdiction.  MPEG LA's misstates the law when it argues this Court

15  lacks jurisdiction to do anything but dismiss because subject matter jurisdiction is not specifically pled

16  in the original complaint. *See Connectu LLC v. Zuckerberg*, 522 F.3d 82, 95-96 (1st Cir.2008)

17  (permitting plaintiff to amend its complaint as a matter of course to switch jurisdictional basis from a

18  diversity action to a federal question case).

19      Since this case was filed in December 2010 MedioStream has offered MPEG LA every

20  professional courtesy possible as MPEG LA repeatedly requested extensions of time to push back the

21  dates in this case.  To now suggest that MedioStream's offers of compromise and cooperation should

22  now prejudice MedioStream is offensive to anyone with a sense of justice and fair play.  Instead of

23  extending the same professional courtesy to MedioStream and agree to the filing of MedioStream's

24  Amended Complaint as expected, MPEG LA's counsel engaged in gamesmanship and dilatory tactics

25  that most counsel practicing before this Court would never contemplate, including dictating to this

26  Court how it must rule on the present motion while misstating the law arguing this Court lacks power

27

28

1     to do other than MPEG LA directs.[1]  This Court has plenary power to grant a motion to amend *sua*

2     *sponte,* as well as the inherent power to control its docket and schedule.  MPEG LA has wasted

3     valuable resources arguing against an amended complaint that should have been the subject of a

4     stipulation, and did so using dilatory tactics in an effort to unfairly prejudice the rights of

5     MedioStream.  MedioStream respectfully requests that this Court exercise its discretion by issuing an

6     order that deems MedioStream's Amended Complaint filed as of the date it was entered in the Court's

7     ECF system, August 19, 2011, and requiring defendants to respond within a period of time consistent

8     with justice so that no further resources are wasted on an issue that should have been resolved by

9     stipulation of the parties.

10    Dated:  September 5, 2011                   Respectfully submitted,

11                              By:   /s/ Byron Cooper

12                                Byron Cooper (State Bar No. 166578)
                               530 Lytton Avenue, Suite 200

13                                Palo Alto, California  94301
                               Telephone: (650) 283-4244

14                                Facsimile: (650) 617-3201
                               Email: bcooper@teklaw.co

15                                Attorneys for Plaintiff
                               MEDIOSTREAM, INC.

16

---

17 [1] MedioStream's counsel has corresponded with MPEG LA's counsel in Palo Alto, Mr. Shawn Joe

18 Lichaa, since the beginning of this case, without dispute.  *See* Cooper Dec., ¶ 2, Ex. 1.  MedioStream has granted every request for an extension of time made by Mr. Lichaa, and there were several such

19 requests.  *Id.*  On August 15, 2011, Mr. Michael H. Steinberg attended a phone conference call regarding the case for the first time.  *See* Cooper Dec., ¶ 3, Ex. 2.  MedioStream's counsel discussed

20 MedioStream's intent to file an amended complaint during the call. *Id.* Mr. Steinberg immediately announced that he was going on vacation until September 4, 2011 and nothing would disturb his

21 vacation.  *Id.*  MedioStream sent a confirmation e-mail to MPEG LA's counsel immediately after the August 15th phone conference confirming MedioStream's intent to file the amended complaint as

22 discussed.  *Id.* MedioStream did not receive any objections, so MedioStream filed its amended complaint on August 19, 2011 as previously discussed with MPEG LA's counsel, and thereafter

23 served the amended complaint on new defendants Sony Corporation and Sony Corporation of America.  *See* Dkt Nos. 28, 33 and 34.  Based on the parties prior conversations, MedioStream

24 expected MPEG LA to respond to the amended complaint, but instead MPEG LA contacted MedioStream the day after its opposition to the motion to dismiss was due, August 29, 2011, arguing

25 for the first time that MedioStream had no right to amend the complaint.  MPEG LA claimed that it sent a letter from its counsel's office in Los Angeles via regular mail, even though counsel for the

26 parties had been corresponding via e-mail for months through their counsel in Palo Alto.  Mr. Steinberg was not present on a phone conference the parties scheduled for Friday, September 2, 2011.

27 MPEG LA's counsel then had to rebut an allegedly confirming e-mail sent by Mr. Lichaa regarding facts the parties discussed on that call September 2, 2011.  See Cooper Decl., ¶ 4, and Ex. 3.

28