1  Michael H. Steinberg (CSB No. 134179)
   steinbergm@sullcrom.com
2  SULLIVAN & CROMWELL LLP
   1888 Century Park East, Suite 2100
3  Los Angeles, CA 90067
   Telephone:    (310) 712-6600
4  Facsimile:    (310) 407-2674

5  Brendan P. Cullen (CSB No. 194057)
   cullenb@sullcrom.com
6  Shawn Joe Lichaa (CSB No. 250902)
   lichaas@sullcrom.com
7  SULLIVAN & CROMWELL LLP
   1870 Embarcadero Road
8  Palo Alto, California  94303
   Telephone:    (650) 461-5600
9  Facsimile:    (650) 461-5700

10 Attorneys for MPEG LA, L.L.C.

11

12

13                UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15                      SAN JOSE DIVISION

16 MEDIOSTREAM, INC.,                    ) Case No. 10-CV-05979 EJD
                                         )
17                   Plaintiff,          ) **DEFENDANT MPEG LA, L.L.C.'S
                                         ) OBJECTION AND REQUEST TO
18        v.                             ) STRIKE MEDIOSTREAM INC.'S SUR-
                                         ) REPLY IN OPPOSITION TO MPEG LA'S
19 MPEG LA, L.L.C.,                      ) MOTION TO DISMISS, OR IN THE
                                         ) ALTERNATIVE REQUEST FOR LEAVE
20                   Defendant.          ) TO FILE ATTACHED SUR-SURREPLY**
                                         )
21                                       ) Judge:  Honorable Edward J. Davila
                                         ) Date:   September 16, 2011
22                                       ) Time:   9:00 a.m.
                                         ) Courtroom: 1

MPEG LA, L.L.C. ("MPEG LA") respectfully requests that this Court strike from the record MedioStream Inc.'s ("MedioStream") improper Sur-Reply in Opposition to MPEG LA's Motion to Dismiss ("Sur-Reply" (Dkt. # 40)), filed on September 5, 2011. Passing MedioStream's failure even to address whether this Court even has the power to grant leave to amend where it lacked jurisdiction over the original complaint, the Sur-Reply is impermissible under the Civil Local Rules of the Northern District of California because MedioStream failed to obtain leave to file it. Civil Local Rule 7-3(d) provides that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." Civ. L. R. 7-3(d);[1] *see, e.g., Al-Hizbullahi v. Bleisner*, 2009 WL 1855234, at *1 n.2 (N.D. Cal. June 29, 2009) (striking sur-reply filed in violation of Civ. L. R. 7-3(d) for failure to obtain leave of court prior to filing); *Puollos v. U.S.*, 2006 WL 3050828, at *13 n.7 (N.D. Cal. October 26, 2006) (granting defendant's motion to strike improper sur-reply).

MedioStream's Sur-Reply is improper for the additional reason that it seeks an order from this Court — without a noticed motion — entering MedioStream's amended complaint without giving the parties a full and adequate opportunity to brief whether amendment is proper or even permissible under these circumstances. (*See* Civ. L. R. 7-2(a).) For example, despite MedioStream's insistence that this Court has jurisdiction over MedioStream's purported *amended* complaint, the crux of the allegations against MPEG LA is a licensing dispute concerning a patent. And it is hornbook law that merely invoking a "patent" in what is otherwise a contractual dispute is insufficient to confer federal jurisdiction under 28 U.S.C. §1331 or 28 U.S.C. § 1338, neither of which MedioStream even attempted to invoke as a basis for jurisdiction in its original complaint. *E.g., Fortinet, Inc. v. Trend Micro Inc.*, 2009 WL 1814598, at *3, n.4 (N.D. Cal. June 24, 2009) ("Although the threat to file a breach of contract claim [relating to a patent] may still exist, any case or controversy arising therefrom is not one over

---

[1] The local rules provide two very narrow exceptions to this rule. The first occurs where the moving party's reply papers contain new evidence in support of its motion, in which case the opposing party may file an "Objection to Reply Evidence." Civ. L. R. 7-3(d)(1). The second permits a party to alert the court to a new, relevant judicial opinion. Civ. L. R. 7-3(d)(2). MedioStream doesn't even pretend to meet any of these exceptions.

which this Court has subject matter jurisdiction."); *see also Speedco, Inc.* v. *Estes*, 853 F.2d 909, 913 (Fed Cir. 1988) ("[T]he fact that patent issues are relevant under state contract law to the resolution of a contract dispute cannot possibly convert a suit for breach of contract into one arising under the patent laws as required to render the jurisdiction of the district court based on section 1338.") (internal quotations omitted); *Luckett* v. *Delpark,* 270 U.S. 496, 502 (1926) ("It is a general rule that a suit by a patentee for royalties under a license or assignment granted by him, or for any remedy in respect of a contract permitting use of the patent, is not a suit under the patent laws of the United States, and cannot be maintained in a federal court as such.").

Thus, this Court's jurisdiction over MPEG LA under the purported amended complaint exists, if at all, *only* through supplemental jurisdiction, and then *only if* MedioStream has adequately alleged federal jurisdiction over the other parties it seeks to add. While the Ninth Circuit has held that courts may not grant leave to amend where it lacks jurisdiction over the original complaint, should this Court wish to consider the issue of whether amendment is proper, MedioStream should proceed on a properly noticed motion allowing the Parties to fully brief, *inter alia*, whether amendment is even permissible, the propriety of joinder of the parties MedioStream seeks to bring before this Court, and whether MedioStream's amended complaint would be futile in other respects. Short-circuiting the briefing only invites error.

Accordingly, this Court should strike MedioStream's unauthorized Sur-Reply. Should the Court decline to do so, MPEG LA respectfully requests that the Court grant MPEG LA leave to file its Sur-Surreply in Further Support of MPEG LA's Motion to Dismiss for Lack of Subject Matter Jurisdiction, attached as Exhibit 1 hereto.

Dated: September 7, 2011

*/s/ Michael H. Steinberg*
Michael H. Steinberg (CSB No. 134179)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:(310) 712-6600
Facsimile: (310) 407-2674

| | |
|---|---|
| 1 | Brendan P. Cullen (CSB No. 194057) |
| 2 | Shawn Joe Lichaa (CSB No. 250902) |
|   | SULLIVAN & CROMWELL LLP |
| 3 | 1870 Embarcadero Road |
|   | Palo Alto, California  94303 |
| 4 | Telephone:     (650) 461-5600 |
|   | Facsimile:     (650) 461-5700 |
| 5 | Attorneys for MPEG LA, L.L.C. |

-3-