UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| MEDIOSTREAM, INC., | ) | Case No.: 5:10-CV-05979 LHK |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |
| v. | ) ) | |
| MPEG LA, L.L.C., | ) ) | |
| Defendant. | ) ) | |

Pending before the court is Defendant MPEG LA, L.L.C.'s ("MPEG LA") motion to dismiss Plaintiff MedioStream Inc.'s ("MedioStream") Complaint. For the reasons discussed below, MPEG LA's motion to dismiss is GRANTED without leave to amend.

## I. BACKGROUND

On December 30, 2010, MedioStream filed its Complaint alleging the following facts: MedioStream is a company that develops technology for MPEG-2 encoding and decoding video and audio and related consumer applications. Compl. ¶¶ 7-12. MPEG LA is the "Licensing Administrator" for numerous "Licensors" that own and have the right to license one or more patents necessary for compliance with the MPEG-2 Standard (referred to as "MPEG-2 Essential Patents"). *Id.* ¶ 13. The Licensors committed to make available licenses and/or sublicenses under any and all MPEG-2 Essential Patents licensable or sub-licensable by the Licensor to any entity desiring such a license or sublicense on fair, reasonable, and non-discriminatory terms and

1

1  conditions. *Id.* On January 1, 2002, MedioStream entered into a MPEG-2 Patent Portfolio License

2  agreement with MPEG-LA as the authorized Licensing Administrator for MPEG-2 Essential

3  Patents. *Id.* Under Section 6.1 of the agreement, MedioStream has the right to renew the

4  agreement for successive five-year periods for the life of the portfolio, subject to reasonable

5  amendment of the royalty terms and rates. *Id.* ¶ 15.

6  MedioStream elected to renew the license agreement pursuant to Section 6.1. *Id.* ¶ 16.

7  MPEG LA, however, refuses to renew the agreement unless subsections are included or existing

8  subsections are deleted in a manner that would materially change the rights of the parties. *Id.* ¶¶ 20-

9  21. MedioStream's license agreement expired on December 31, 2010. *Id.* ¶ 15.

10  Based on these allegations, MedioStream asserts two causes of action: (1) pursuant to the

11  Federal Declaratory Judgment Act, MedioStream requests a declaration that "its products remain

12  licensed under MPEG-2 Patent Portfolio License agreement," *id.* ¶ 24; and (2) a breach of contract

13  claim alleging that MPEG LA breached the MPEG-2 Patent Portfolio license agreement by

14  refusing to renew or to acknowledge MedioStream's renewal of the agreement, *id.* ¶ 29. The

15  Complaint alleges that the court has jurisdiction over the claims "under at least 28 U.S.C. § 1332

16  and the Federal Declaratory Judgment Act." *Id.* ¶ 4.

17  On March 30, 2011, MedioStream filed a motion to dismiss the Complaint for lack of

18  subject matter jurisdiction, which was scheduled for oral argument on June 10, 2011 before Judge

19  Jeremy Fogel. ECF No. 10. On April 25, 2011, this case was reassigned to Judge Edward Davila.

20  ECF No. 20. On May 18, 2011, MPEG LA renoticed the motion to dismiss, and the parties

21  stipulated to have the motion heard on September 16, 2011. ECF Nos. 24-25.

22  On August 19, 2011, MedioStream filed a First Amended Complaint ("FAC"), without first

23  obtaining a stipulation from opposing counsel or seeking leave of the Court to do so. ECF No. 28.

24  The FAC included two additional defendants: Sony Corporation and Sony Corporation of America.

25  The FAC also added a claim for declaratory judgment regarding Non-Infringement, Invalidity, and

26  Unenforceability of various patents owned by Sony and administered by MPEG LA. *See* FAC ¶¶

27  1, 49-52. On August 29, 2011, MedioStream filed an opposition to MPEG LA's motion to dismiss,

28  requesting leave to file the Amended Complaint and that the court accept it as filed as of August

2
Case No.: 5:10-CV-05979 LHK
**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

19, 2011. ECF No. 30.  On September 2, 2011, MPEG LA filed its reply brief and objections to MedioStream's request to file the Amended Complaint.  ECF Nos. 36-27.  On September 5, 2011, MedioStream filed a sur-reply.  ECF No. 40.  On September 7, 2011, MPEG LA filed objections to MedioStream's sur-reply and a request that either the sur-reply be stricken or MPEG LA be permitted to file a sur-surreply.  ECF No. 42.  Also on September 7, 2011, MedioStream field a request for judicial notice of the U.S. Supreme Court's decision in *MedImmune, Inc. v. Genenetech, Inc.*, 549 U.S. 118 (2007).  ECF No. 45.  On September 13, 2011, the motion was taken under submission without oral argument pursuant to Civ. L.R. 7-1(b).  ECF No. 47.  On October 17, 2011, the matter was reassigned to the undersigned judge.  ECF No. 49.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), the defendant may move to dismiss because the court lacks subject matter jurisdiction.  Similarly, Federal Rule of Civil Procedure 12(h)(3) provides, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  The party invoking federal jurisdiction has the burden of showing that jurisdiction is proper. *See Thornhill Publishing Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  The court presumes a lack of jurisdiction until the party asserting jurisdiction proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. DISCUSSION

### A. MEDIOSTREAM'S SUR-REPLY

Civil Local Rule 7-3(d) provides that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval."  MedioStream filed its sur-reply without prior court approval.  MPEG LA's request to strike MedioStream's sur-reply therefore is GRANTED, and MPEG LA's request in the alternative that it be permitted to file a sur-surreply is DENIED. *See, e.g., Al-Hizbullahi v. Bleisner*, C 04-4903 MMC (PR), 2009 WL 1855234, at *1 n.2 (N.D. Cal. June 29, 2009).

3

Case No.: 5:10-CV-05979 LHK
**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

**B. MOTION TO DISMISS**

Plaintiff's original complaint, which is the operative pleading, alleges that the court has jurisdiction over the claims "under at least 28 U.S.C. § 1332 and the Federal Declaratory Judgment Act." *Id.* ¶ 4. MPEG LA argues this court lacks jurisdiction because the parties are not diverse and that the Federal Declaratory Judgment Act is not an independent basis to establish subject matter jurisdiction. MedioStream has not made any argument to the contrary. Instead, MedioStream argues that the court should grant it leave to amend its Complaint.

Federal courts have subject matter jurisdiction over civil actions "between citizens of different states," where the "matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction does not exist unless the case is one "in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Here, MedioStream stated in its Complaint that it is a California corporation with its principal place of business in Los Altos, California. Compl. ¶ 4, ECF No. 1. Thus, MedioStream is a citizen of California. 28 U.S.C. § 1332(c)(1). One of MPEG LA's members is Fujitsu Network Communications, Inc. ("Fujitsu"). Fujitsu was incorporated in California and is headquartered in Richardson, Texas. Decl. of Jean-Phillipe C. Gason ¶ 2, ECF No. 12. Fujitsu therefore is a citizen of California. 28 U.S.C. § 1332(c)(1). MPEG LA is also a citizen of California because a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, the parties are not diverse, and the court lacks diversity jurisdiction.

Additionally, MedioStream's claim for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), does not create federal question jurisdiction. "It is well settled that the Declaratory Judgment Act does not itself confer federal subject matter jurisdiction, but merely provides an additional remedy in cases where jurisdiction is otherwise established." *Staacke v. U.S. Secretary of Labor*, 841 F.2d 278, 280 (9th Cir. 1988) (internal quotations and citations omitted). The Act expressly states that a federal court may grant declaratory relief "[i]n a case . . . *within its jurisdiction*." 28 U.S.C. § 2201(a) (emphasis added). "In determining whether a declaratory judgment action presents a federal question, [courts] look either to the defendant's

4
Case No.: 5:10-CV-05979 LHK
**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

threatened action or to the plaintiff's claim, construed as a complaint for coercive relief." *Yokeno v. Mafnas*, 973 F.2d 803, 807 n.2 (9th Cir. 1992).

Under this standard, it is clear that MedioStream's declaratory judgment action does not raise a federal question. In order to determine whether "MedioStream has properly renewed the license agreement and what terms must be included in the renewed license agreement," the court must determine the parties' rights under California contract law. As to a potential lawsuit by MPEG LA, the only rights alleged in the Complaint that MPEG LA could enforce against MedioStream would be contractual rights based on the expired licensing agreement. Although the subject of the contract is patent licensing, the Complaint does not allege that the patents are invalid or that MPEG LA owns any of the patents or otherwise has standing to bring a coercive action for patent infringement.[1] Thus, state law is determinative of both MedioStream's request for declaratory judgment and any potential action by MPEG LA against MedioStream, and neither claim presents a federal question.

MedioStream has failed to establish that federal subject matter jurisdiction is proper. Accordingly, MPEG LA's motion to dismiss the Complaint for lack of subject matter jurisdiction is GRANTED.

C.  REQUEST TO FILE AN AMENDED COMPLAINT

---

[1] MedioStream requests the court take judicial notice of the U.S. Supreme Court's decision in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007). MedioStream's request for judicial notice asserts, without further explanation or pincite, that *MedImmune* is inconsistent with "[t]he jurisdictional cases relied on by MPEG LA." ECF No. 16. However, "judicial notice is generally not the appropriate means to establish the legal principles governing the case." *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002). Judicial notice of the *MedImmune* decision is unnecessary and is therefore DENIED.

Furthermore, if MedioStream intended to cite *MedImmune* to support its argument that the court has subject matter jurisdiction over MedioStream's request for declaratory judgment, that comparison is inapposite. In contrast to the facts presented in this case, the petitioner in *MedImmune* brought an action against the patent holder seeking a declaration that the patent was invalid and that no royalties were owing under the license agreement because of patent invalidity and because of non-infringement. *MedImmune*, 549 U.S. at 123-24. The Supreme Court held that the petitioner could establish an Article III case or controversy while continuing to pay royalties "under protest and with reservation of all [its] rights" *Id.* at 122. Here, the issue raised by MPEG LA's motion is whether MedioStream's request for relief under the Declaratory Judgment Act gives rise to federal question question jurisdiction, not whether an Article III case or controversy exists.

5
Case No.: 5:10-CV-05979 LHK
**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

1     MPEG LA argues that, because this court lacks jurisdiction over the Complaint, this court

2 also lacks jurisdiction to grant MedioStream leave to file its Amended Complaint. MedioStream

3 argues the court should grant its request to amend the Complaint pursuant to Fed. R. Civ. P. 15.

4 MedioStream does not address how the court can issue such an order without subject matter

5 jurisdiction over the action and does not cite any case suggesting that a federal court that lacks

6 jurisdiction over a Complaint can grant leave to amend that Complaint. MedioStream also has not

7 attempted to distinguish the many cases cited by MPEG LA.

8     "In determining federal court jurisdiction, we look to the original, rather than to the

9 amended, complaint." *Morongo Band of Mission Indians v. California State Bd. of Equalization*,

10 858 F.2d 1376, 1380 (9th Cir. 1988). "Subject matter jurisdiction must exist as of the time the

11 action is commenced." *Id.* "If jurisdiction is lacking at the outset, the district court has 'no power

12 to do anything with the case except dismiss;'" *id.* (citing 15 C. Wright, A. Miller & E. Cooper,

13 Federal Practice and Procedure § 3844, at 332 (1986), and the court's subsequent orders, including

14 an order granting leave to amend the complaint would be nullities, *id.* at 1381.

15     Although 28 U.S.C. § 1653 provides that defective allegations of jurisdiction may be

16 amended, "Section 1653 provides a remedy for defective allegations only; it does not provide a

17 remedy for defective jurisdiction itself." *Morongo Band of Mission Indians*, 858 F.2d at 1380 n.2

18 (internal quotation omitted). Where the claim alleged in the original complaint does not "arise

19 under" federal law, the complaint cannot be amended to allege a *different claim*-the action must be

20 dismissed. *Willis v. Tingey*, No. CIV 06-0242, 2006 WL 1222967 *2 (E.D. Cal. May 5, 2006)

21 (citing *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826 (1989)). In other words, where the

22 court lacks jurisdiction over the original complaint, and the proposed amendment "would

23 completely alter the theory of the case, not simply correct a defect in pleading," granting leave to

24 amend is improper. *American Land Title Ass'n v. Great American Ins. Co.*, No. 05-CV-4365, 2006

25 WL 1329782 *5 (N.D. Cal. May 16, 2006). Here, the proposed FAC seeks to add new defendants,

26 assert new claims, and alter the theory of the case. While the original complaint was based on a

27 breach of contract theory, the proposed FAC seeks to add a claim for declaratory relief establishing

28 patent non-infringement and invalidity. As explained above, the Court lacks subject matter

6
Case No.: 5:10-CV-05979 LHK
**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

jurisdiction over the original complaint.  Given the jurisdictional defects in the original complaint are not merely defects in allegations, the Court has no jurisdiction to grant MedioStream's request to amend its Complaint.

## IV. CONCLUSION

MPEG LA's motion to dismiss is GRANTED without leave to amend, but without prejudice to Plaintiff pursuing its contract claims in state court or pursuing its patent claims in a new federal action.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 24, 2012

_____
LUCY H. KOH
United States District Judge